# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHRISTINE EVAN and <br> GEORGE A. EVAN, <br><br> Plaintiffs, <br><br> vs. <br><br> DINERS CLUB INTERNATIONAL, LTD <br> a/k/a DINERS OF NORTH AMERICA, LLC <br> a/k/a BMO DINERS CLUB, INC. and <br> ALAMO RENT-A-CAR, INC., <br><br><br> Defendants. | NO. 2:16-CV-178 |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Enforce Settlement (DE # 33), filed by Alamo Rent-a-Car, Inc. ("Alamo") on February 25, 2017; and (2) Plaintiffs' Motion to Exclude Defendant Alamo's Reply to Plaintiffs' Response to Defendant Alamo's Motion as Defendant Alamo's Reply is in Violation of N.D. Ind. L.R. 7-1(d)(2) (DE # 38), filed by Plaintiffs on March 21, 2017. The motion to exclude Alamo's reply is **GRANTED** and Alamo's reply brief (DE # 36) is **STRICKEN.** Alamo's motion to enforce settlement is **GRANTED**. The Court **FINDS** that Plaintiffs entered into an enforceable settlement agreement with Alamo. Alamo is **ORDERED** to provide Plaintiffs with a release setting forth the terms of the settlement agreement and a stipulation of dismissal on or before

May 19, 2017, and Plaintiffs are **ORDERED** to execute the release and stipulation of dismissal and return them to Alamo's attorney on or before May 29, 2017. Failure to comply with this Court's order may result in sanctions.

BACKGROUND

Alamo filed the instant Motion to Enforce Settlement on February 24, 2017. Defendants seek to enforce an alleged agreement to settle Plaintiffs' claims against it for $2,000. Plaintiffs filed a response on March 3, 2017, arguing that there was no agreement to settle this case. Alamo filed a reply thirteen days later, on March 16, 2017. Plaintiffs have moved to exclude Alamo's reply as untimely. Alamo did not file a response to Plaintiffs' motion to exclude its reply brief. Accordingly, the instant motions are ripe for adjudication.

DISCUSSION

Plaintiffs' Motion to Exclude Alamo's Reply

Under Northern District of Indiana Local Rule 7-1(d), a reply brief must be filed within seven days after the response brief is served. N.D. Ind. L. R. 7-1(d). Alamo filed its reply brief outside the permitted time period without seeking an extension of time. Accordingly, the motion to exclude Alamo's reply brief is **GRANTED**, and the reply brief is **STRICKEN.**

2

Motion to Enforce Settlement Agreement

On October 5, 2017, Attorney Jim Magrames sent the Plaintiffs an email indicating that his client, Alamo, was willing to offer the Plaintiffs a full refund of $604.20 in exchange for a signed release and dismissal from this case. (DE #33-1). Later that same evening, the Plaintiffs responded to the offer as follows:

> In addition to the costs that are directly associated with the filing of the instant lawsuit, there are many other indirect and imputed costs, including a substantially damaged credit score which has completely prevented Mrs[.] Evan from even being considered as a co-borrower for the purchase of our second home. In addition, there are issues and costs associated with emotional suffering and duress for which the actions of Alamo are the direct and proximate cause.
>
> In the interest of resolving this issue in a reasonably fair and expeditious manner, we would be willing to accept either a payment in the amount of $2,000, or a payment of $1,500, and two individual free weeks of Alamo car rentals of cars of our choice.

(DE #33-2).

About six weeks later, on November 21, 2016, Attorney Magrames sent an email stating the following:

> My client is willing to settle this matter on behalf of Alamo (and their parent/subsidiary companies) in the amount of $2000 as to any and all alleged claims you may have against them. In exchange for the $2000, you both agree to execute a Release of All Claims releasing Alamo and their parent/subsidiary companies as well as a stipulation to dismiss this matter with prejudice to be filed with the court on behalf of my client. The matter will continue to pend against the remaining

3

defendant.

>I will forward the Release and stipulation to you for your signatures once you confirm to me in a return email your agreement to these terms.

(DE #33-2).

On December 12, 2016, the Plaintiffs responded to Attorney Magrames' email. The body of the email reads as follows:

>In response to your offer of November 21, 2016 to settle our lawsuit against your client, Alamo, for $2,000.00, please note.
>
>You had initially offered to settle our lawsuit for $604.20 on October 5, 2016. We responded to your offer with a counteroffer for a $2,000.00 settlement on the same day, i.e., on October 5, 2016. In the meantime, we had the Pretrial Conference, and the exchange of the Initial Disclosures, as well the events surrounding our mortgage application for the purchase of our retirement home in Las Vegas that was twice rejected until it was approved with substantially worse terms than what would have been available in the absence of the negative credit reporting on us by defendant Diners Club. Of course, the events that led to defendant Diners Club negative credit reporting on us were the direct result of your client's alleged beach of contract and other illegal action and misdeeds.
>
>Currently, the damages that we have suffered because of the defendants' actions are multifaceted, but include approximately $32,000.00 in additional interest expenses, the loss of $219,000.00 of our investment capital that could have been earning 9% APR return, the loss of the tax deductibility benefit of a substantial part of the mortgage that we could have otherwise obtained, other already incurred credit related damages, and immeasurable pain and suffering directly caused by the defendants' actions.

> Nevertheless, we believe that although your client, i.e., defendant Alamo, was the party that by its illegal actions initially set the course for the subsequent events that immeasurably harmed the plaintiffs, it was the actions of defendant Diners Club that more directly caused the majority of the damages that were, and continue to be, suffered by the plaintiffs.
>
> Your current settlement offer, which we have rejected, would have ordinarily been in the appropriate settlement range. However, and perhaps very unfortunately for all parties involved, a series of events that were caused by the defendants, have resulted in substantial and unexpected damages to the plaintiffs. These damages are partially introduced in the enclosed Addendum to Plaintiffs' Rule 26(a)(1) Initial Disclosures. The plaintiffs may yet be open to a settlement offer for a substantially higher amount. Also please note that the damages are ongoing, and time sensitive.
>
> Please be advised that we intent to file a Motion to Amend the Complaint to include alleged violations by defendant Diners Club of our rights under the Equal Credit Opportunity Act, and other appropriate causes.
>
> Enclosed also please find the plaintiffs, "Addendum to Plaintiffs' Rule 26(a)(1) Initial Disclosures."

(DE #33-3).

In the motion to enforce settlement, Alamo argues that it accepted Plaintiffs' offer to settle for $2,000 and that a legally binding settlement agreement exists. Plaintiffs respond by arguing that their offer to settle had expired and there was therefore no offer to be accepted; instead, it was Alamo that made an offer to

settle for $2,000, and Plaintiffs rejected the offer.

The district court "has inherent authority to enforce a settlement agreement reached in a case pending before it." *Allen v. Dana*, No. 1:10-cv-281 PPS-RBC, 2011 WL 3163232, at *2 (July 26, 2011) (quoting *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996)). Agreements to settle legal claims are enforceable "just like any other contract." *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). To determine whether a contract to settle the claim was entered into by the parties, the Court looks to Indiana law. *Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007) (holding any uncertainty over whether federal or state law applies to the enforcement of the settlement of a federal suit has been "dispelled; it is state law").

The Supreme Court of Indiana has stated that:

> Indiana strongly favors settlement agreements. And it is established law that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement.

*Georgos v. Jackson*, 790 N.E.2d 448 (Ind. 2003)(citations omitted). Settlement agreements are governed by general contract principles, and an "offer, acceptance, plus consideration make up the basis for a contract." *Zimmerman v. McColley*, 826 N.E.2d 71, 76 (Ind. Ct. App. 2005). If one party "transmits a clear and unambiguous settlement offer which is accepted by the other party, the parties have reached a binding settlement agreement." *Pohl v. United*

6

*Airlines, Inc.*, 110 F.Supp.2d 829, 837 (S.D. Ind. 1999) (quotation omitted). Determining whether there has been a meeting of the minds "is a factual matter to be determined from all the circumstances," and the Court should refer "not to the parties' subjective intents but their outward manifestation of it." *Zimmerman*, 826 N.E.2d at 77. Finally, the Seventh Circuit has stated that "[s]ome litigants in pursuing settlement of their claims hold the belief that they can change their mind at any time before they actually sign the settlement agreement. As this case illustrates, that perception is often unfounded in the law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 337 (7th Cir. 2000) (affirming district court's enforcement of settlement).

The Court finds that the Plaintiffs did indeed enter into a settlement agreement with Alamo. On October 5, 2016, Plaintiffs offered to settle this matter with Alamo for $2,000. Plaintiffs do not allege that they did anything to withdraw that offer. On November 21, 2016, the offer was accepted.[1] While 47 days lapsed between the offer and acceptance, this is not - as Plaintiffs argue - an unreasonably delay under the circumstances. *See Family Video Movie Club, Inc. v. Home Folks, Inc.*, 827 N.E.2d 582, (Ind. Ct. App. 2005)("A reasonable time 'is the time that a reasonable person in the exact position of the offeree would believe to be

---

[1] Plaintiffs note that the email indicated that Alamo "agreed" to the settlement rather than "accepted" the counter-offer. (DE # 25 at 5). There is not a meaningful difference between these two words.

satisfactory to the offeror'" and "depends on the facts of each case."). While it appears from Plaintiffs' email dated December 12, 2016, that Plaintiffs viewed the November 21, 2016, email as an offer rather than an acceptance of their previous offer, the law does not support the Plaintiffs' position. As *pro se* litigants, the Plaintiffs may not have fully understood the legal ramifications of their email dated October 5, 2016. This is unfortunate to be sure, but it does not alter the outcome here.

All the elements for a legally binding contract are present here: offer, acceptance, and consideration. The Plaintiffs' change of heart following Alamo's acceptance of their offer does not undo the agreement. A party who has previously authorized a settlement remains bound by its terms even if she changes her mind. *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986) (affirming enforcement of settlement agreement). As such, a party's later unhappiness with a settlement is "neither here nor there." *Allen*, 2011 WL 3163232, at *2.

"As long as the person receives something of value in exchange for her own promise or detriment, the courts will not inquire into the adequacy of consideration." *Baptist v. City of Kankakee*, 481 F.3d 485, 491-92 (7th Cir. 2007) (quoting *Wagner v. NutraSweet Co.*, 95 F.3d 527, 532 (7th Cir. 1996)). Here, Plaintiffs agreed to receive $2,000 to settle their claims against Alamo, which is sufficient consideration. "[A] party to a settlement cannot avoid

the agreement merely because he subsequently believes the settlement is insufficient."). *Taylor v. Gordon Flesch Co.*, 793 F.2d 858, 862 (7th Cir. 1986).

In sum, the communications between the parties establish that there was an offer, acceptance, and consideration. Additionally, there is no evidence of fraud or duress. A meeting of the minds existed between the parties and they agreed on the essential terms of the settlement – that Plaintiffs' claims against Alamo would be settled for the sum of $2,000. The Plaintiffs remain bound by the terms of the enforceable settlement agreement.

CONCLUSION

For the reasons set forth above, the motion to exclude Alamo's reply (DE # 38) is **GRANTED** and Alamo's reply brief (DE # 36) is **STRICKEN.** Alamo's motion to enforce settlement (DE # 33) is **GRANTED**. The Court **FINDS** that Plaintiffs entered into an enforceable settlement agreement with Alamo. Alamo is **ORDERED** to provide Plaintiffs with a release setting forth the terms of the settlement agreement and a stipulation of dismissal on or before May 19, 2017, and Plaintiffs are **ORDERED** to execute the release and stipulation of dismissal and return them to Alamo's attorney on or before May 29, 2017. Failure to comply with this Court's order may result in sanctions.

**DATED: May 5, 2017**  /s/ RUDY LOZANO, Judge
**United States District Court**