# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHRISTINE EVAN and GEORGE A. EVAN, <br>     Plaintiffs, <br><br> v. <br><br> DINERS CLUB INTERNATIONAL LTD a/k/a <br> DINERS OF NORTH AMERICA LLC a/k/a <br> BMO DINERS CLUB INC. <br>     Defendants. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:16-CV-178-RL-PRC <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on a Plaintiffs' Motion for Change of Venue [DE 47] filed by Plaintiffs Christine Evan and George A. Evan, pro se, on July 26, 2017, and on a Defendant's Motion for Leave to File Sur-Response in Opposition to Plaintiffs' Motion for Change of Venue [DE 69] filed on September 22, 2017, by Defendant, which states that its proper name is BMO Harris Bank N.A. Defendant filed a response to Plaintiffs' motion on August 10, 2017, and Plaintiffs filed a reply on September 20, 2017. Plaintiffs filed a response to Defendant's motion on September 22, 2017. No reply was filed. For the reasons stated below, both motions are denied.

### A. Motion for Transfer of Venue

Plaintiffs request that the venue for the instant litigation be transferred from this Court to the District of Nevada. Plaintiffs represent that they have moved from Valparaiso, Indiana, to Las Vegas, Nevada. Plaintiffs assert that transfer of venue is proper under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Defendants do not consent to a transfer of this litigation to the District of Nevada. Therefore, (1) venue must be proper in the transferor court;

(2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The burden is on the moving party to establish that venue is proper in both courts and to show that the transferee forum is "clearly more convenient." *Heller v. Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Pursuant to 28 U.S.C. § 1391(b) and as is relevant to this litigation,

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

Further, the same code section clarifies what is meant by "residency" for the purposes of a defendant that is not a natural person. Such a defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

The parties do not dispute that the Northern District of Indiana is a proper venue, so for the purpose of the instant motion the Court assumes without deciding that venue is proper in the Northern District of Indiana.

Plaintiffs, in their motion, do not explicitly state whether they contend that venue is proper in the District of Nevada because Defendant resides there, a substantial part of the case is tied to the District of Nevada, or both. Review of the Amended Complaint in this matter does not reveal that a substantial part of the events or omissions giving rise to this litigation connects this litigation to the District of Nevada. Thus, the Court must determine whether the District of Nevada can exert personal jurisdiction over Defendant.

2

Personal jurisdiction over a defendant can be either specific or general. "Specific" jurisdiction can be exerted over a defendant if that defendant had continuous and systematic contacts to the forum state and those contacts gave rise to the litigation. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). Plaintiff has not shown how any of Defendant's contacts to Nevada gave rise to this litigation, so Plaintiff has not shown there to be specific jurisdiction over Defendant in Nevada.

A court has "general" jurisdiction over a defendant when that defendant's "affiliations with the [forum state] are so continuous and systematic as to render them essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A "substantial, continuous, and systematic course of business" in the forum state is insufficient; more is required. *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015) (quoting *Daimler*, 134 S.Ct. at 761). The paradigmatic examples of bases for general jurisdiction over a corporate defendant are the defendant's state of incorporation and principal place of business. *Id.* at 760. Here, Defendant is a national banking association, not a corporation. The analogous basis for general jurisdiction is presumably the state in which Defendant has its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that, for purposes of diversity subject matter jurisdiction, a national bank's analog to a corporation's state of incorporation and principal place of business is the state designated in the bank's articles of association as its main office).

Here, Plaintiffs assert that Nevada is a proper venue for this litigation because Defendant has active card members, branches, and ATMs in Nevada. Defendant offers an affidavit attesting that Defendant has no branches in Nevada and that Defendant's headquarters and principal place of business is in Chicago, Illinois. This dispute over branch locations is immaterial. Even if Plaintiffs are correct and Defendant's business presence in Nevada is as extensive as Plaintiffs represent,

3

Plaintiffs fall short of showing the sort of continuous and systematic affiliations between Defendant and the State of Nevada that would render Defendant essentially "at home" there. For the sake of comparison, the Supreme Court recently held that a defendant railway company was not "at home" in Montana, despite having more than 2,000 miles of railroad track and more than 2,000 employees in Montana. *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1559 (2017). Thus, even when accepting as true Plaintiffs' version of Defendant's contacts with Nevada, the contacts are insufficient for Nevada to exercise general personal jurisdiction over Defendant.

Because Nevada cannot exercise specific or general personal jurisdiction over Defendant, Defendant does not reside in Nevada for the purpose of this litigation. Because Defendant does not reside in Nevada and no substantial part of this case is connected to Nevada, this case could not have been brought in Nevada. Therefore, venue in Nevada is not proper, and this finding mandates the denial Plaintiffs' motion. Thus, the Court will not determine whether Nevada presents a more convenient forum and serves the interest of justice. Plaintiffs' motion to transfer this litigation to the District of Nevada is denied.

### B. Motion for Leave to File Sur-Response

Defendant requests leave to file a sur-response in order to address what it asserts are factual inaccuracies in Plaintiffs' reply to the motion to transfer venue. Because the sur-response is not necessary for a ruling on the motion to transfer venue, Defendant's motion is denied.

### CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Plaintiffs' Motion for Change of Venue [DE 47] and the Defendant's Motion for Leave to File Sur-Response in Opposition to Plaintiffs' Motion for Change of Venue [DE 69].

SO ORDERED this 24th day of October, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Plaintiffs, pro se